**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2462**

LINDA K. RUSHTON; KENNETH RUSHTON,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA; CINTAS CORPORATION NO. 2,

Defendants - Appellees,

and

CINTAS CORPORATION,

Defendant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. J. Michelle Childs, District Judge. (1:15-cv-01378-JMC)

Submitted: July 19, 2018                                      Decided: July 23, 2018

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John E. Parker, William F. Barnes, III, PETERS, MURDAUGH, PARKER, ELTZROTH & DETRICK, PA, Hampton, South Carolina, for Appellants. Michael N. Loebl, Mark C. Wilby, FULCHER HAGLER LLP, Augusta, Georgia; Beth Drake,

United States Attorney, Columbia, South Carolina, Matthew J. Modica, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda K. Rushton, and Kenneth Rushton appeal the district court's order granting summary judgment to the Defendants in the Rushtons' tort action related to Linda Rushton's slip and fall on a floor mat at a post office. On appeal, the Rushtons argue that the court erred in granting summary judgment based on its finding that the United States and Cintas Corporation No. 2 ("Cintas"), who provided the mat to the post office, did not create a dangerous condition. The Rushtons contend that the mat was in a state of disrepair and that the post office and Cintas knew or should have known of the mat's condition. The Rushtons further argue that Cintas should have serviced the mat in the five-week period before Ms. Rushton's fall and that the post office violated its own policy to secure mats to the floor. Finding no error, we affirm.

We review "de novo the district court's order[s] granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, the court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the

3

building of one inference upon another, or the mere existence of a scintilla of evidence."

*Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

We have reviewed the parties' briefs, joint appendix, and fully considered the arguments on appeal and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Rushton v. United States*, No. 1:15-cv-01378-JMC (D.S.C. Nov. 27, 2017; filed on Dec. 8, 2017 and entered Dec. 11, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4